FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHANE MICHAEL C. R.,[1]

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:21-CV-00267-SAB

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 11, 12. The motions were heard without oral argument. Plaintiff is represented by Dana Madsen; Defendant is represented by Franco L. Becia and Timothy Durkin.

    Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Title II Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~1**

below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 11, and denies Defendant's Motion for Summary Judgment, ECF No. 12.

## I. Jurisdiction

On July 5, 2019, Plaintiff protectively filed a Title II application for disability insurance benefits. On the same day, he also protectively filed a Title XVI application for supplemental security income. In both applications, he alleged disability beginning May 8, 2017.

Plaintiff's application was denied initially and on reconsideration. On March 10, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On December 8, 2020, Plaintiff appeared and testified by telephone before ALJ Steward Stallins, who presided from Spokane, Washington. He was represented by his attorney, Dana Madsen. Also appearing and testifying was William Tysdal, vocational expert. The ALJ issued a decision on December 29, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on August 2, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on September 9, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~2

under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~3**

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~4

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

(i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) *Supportability.*
The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.*
The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~6**

herein.

At the time of the hearing, Plaintiff was 33 years old. He has his GED and attended culinary school. He has worked as a line cook, short order cook, fast food worker, janitor, and order filler. In 2017, Plaintiff experienced a stroke that caused him to lose the peripheral vision to his right in both eyes. Shortly after his stroke, he underwent a surgical procedure to clean out the artery that caused the stroke.

Since the stroke, in order to read and do other things, Plaintiff needs to move his head to see what is in front of him. He does not read much and it takes him longer to complete tasks. He testified that it takes approximately 50% longer to read since his stroke. He has to tilt his head to cook. He cannot have anyone else in the room when he cooks because he is worried that he would not be able to see someone and either cut someone with a knife or burn someone. He has to tilt his head in order to watch TV. He testified that when he walks around stores, he bumps into things. He stated that he has knocked over displays and he will run into people. He testified that even if his right hand is directly in front of him, he cannot see it.

He is able to drive with the help of special mirrors installed in his car. He limits his driving to familiar roads and staying in the right lane. Mostly, he drives his child to school and back. He does not drive at night.

As a result of his stroke, he developed anxiety. He is extremely nervous when out in public. At family functions, he sits in the corner, so he does not run into someone or knock a kid over.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 17-27. The ALJ found that Plaintiff met the insured status requirement of the Social Security Act through December 31, 2022. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 8, 2017, the alleged onset date. AR 19.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~7

At step two, the ALJ identified the following severe impairments: Right-sided homonymous hemianopsia from a stroke; Anxiety. AR 19

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations. No climbing of high ladders, ropes or scaffolding; no exposure to dangerous machinery and unprotected heights; no driving at work; no right-sided peripheral vision; no production pace conveyer belt work; he must remain at the same station without having to walk other places to perform the job; no close proximity of other workers.

AR 21.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. AR 26.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including laundry worker II, laboratory equipment cleaner, and collator operator. AR 27.

**VI. Issues for Review**

1. Whether the ALJ properly assessed Plaintiff's symptom claims.
2. Whether the ALJ properly assessed the medical opinions.

**VII. Discussion**

Here, the ALJ recognized that Plaintiff has a significant visual impairment but concluded that Plaintiff would be able to work full-time regardless. It is undisputed that Plaintiff cannot see straight ahead, and he has no right-side peripheral vision. Rather, he needs to tilt his head if he is relying on his vision to complete a task. Thus, according to the ALJ, it would be perfectly fine if Plaintiff spent 8 hours a day with his head tilted in order to complete the tasks required of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

him. This conclusion is simply untenable.

In October 2019, Plaintiff was examined by Dr. Jeanine N. Stolp. Dr. Stolp noted that Plaintiff reported he was having difficulty with driving, reading, and seeing details during his daily activities and Dr. Stolp attributed these difficulties to his vision loss. Plaintiff told Dr. Stolp that while he tried going back to work after the stroke, his vision made it too difficult and dangerous. Shortly after the stroke, Plaintiff participated in occupational therapy. He was eventually discharged. In 2019, he returned to occupational therapy, explaining that his anxiety has increased. He stated that he thought he was doing good, but then he noticed he "was bumping into stuff more and running into walls randomly." AR 891.

The ALJ's credibility findings are not supported by substantial evidence. Notably, the ALJ focused on the occupational therapy that occurred shortly after Plaintiff's stroke and failed to consider that Plaintiff's ability to function decreased since that time. Plaintiff testified that he drives in a highly-controlled manner, including staying in the right lane and driving only to his daughter's school. His ability to do this does not equate to full-time work, and the ALJ erred in relying on Plaintiff's limited driving to find him less credible.

Plaintiff testified that it takes him longer to read, longer to cook, and longer to accomplish tasks because of the need for him to constantly be readjusting his head so he can see. He must move his phone around in order to use it. It takes him longer to read a computer screen. Plaintiff's testimony regarding his limitations is consistent with his right-sided homonymous hemianopsia.

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony regarding how his limited vision impacts his ability to work full time. *See Smolen v. Chater*, 80 F.3d 1273, 1281-84 (9th Cir. 1996). As such, the ALJ's decision is not supported by substantial evidence.

Consequently, the ALJ's RFC is not supported by substantial evidence because it fails to take into consideration that Plaintiff functions at a much slower

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~9**

pace than normal due to his lack of vision in both eyes from the midline to the right. Notably, when asked, the VE testified that Plaintiff would be unable to maintain gainful employment if he functioned at the slower rate.

Based on the VE's testimony and based on Plaintiff's credible testimony regarding the limitations caused by his loss of vision, remand for an award of benefits is necessary. There are no outstanding issues to be resolved and it is clear from the record that Plaintiff is unable to perform gainful employment. *See Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 14th day of September 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10